UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WRIGHT,

                Plaintiff,

                                     Case No. 14-cv-12476

v.                                   HON. GERSHWIN A. DRAIN

BEST RECOVERY SERVICES LLC,

                Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [#24]

### I.    INTRODUCTION

Plaintiff Robert Wright is an individual who resides in Oakland County, Michigan.  He filed the present action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, against Defendant Best Recovery Services LLC ("Best Recovery"), on June 4, 2014.  Defendant is a repossession company.  Plaintiff alleges that Best Recovery is a debt collector and sought to repossess his vehicle in violation of the FDCPA.

Defendant Best Recovery filed the present dismissal motion under Rules 37 and 41 of the Federal Rules of Civil Procedure.  Doc No. 24.  It asserts that Plaintiff failed to provide initial disclosures as required by Federal Rule 26.  *See* FED. R. CIV. P. 26(a).  Specifically, Best Recovery asserts that Plaintiff failed to provide information concerning material witnesses, damages, and supporting evidence.  Doc. No. 24.

Best Recovery contends that Plaintiff is now unable to use this information in the litigation of his case pursuant to Rule 37.  Best Recovery further argues that because Plaintiff is

unable to use this information, the case may be dismissed for failure to prosecute pursuant to
Federal Rule 41.  For the reasons that follow, the Court denies Defendant's motion.

## II.  FACTUAL BACKGROUND

### A.  **Repossession Attempt**

On October 15, 2012, Plaintiff purchased a 2007 Cadillac STS.  He financed the purchase
through terminated Defendant, Americredit Financial Services, Inc. ("AFSI").  Plaintiff alleges
that, as of August 12, 2013, he held the title to the vehicle.  On August 12, 2013, however, an
agent of Best Recovery attempted to execute a repossession of the automobile.

On an unspecified date, before August 12, 2013, Plaintiff was laid off from his job.  At
the time that Plaintiff was laid off, he had already fallen behind on two car payments.  On an
unspecified date prior to August 12, 2013, however, Plaintiff had been re-hired.

Plaintiff's lender was GM Financial.  Plaintiff alleges that he made arrangements with
GM Financial to get his payments up-to-date and to prevent repossession.  Plaintiff specifically
alleges that he arranged with GM Financial to make one payment within a few days of August
12, 2013, and that GM Financial would defer one payment until the end of his loan.

However, on August 12, 2013, Plaintiff claims he spotted a white male, wearing light-
colored jeans and a royal blue, hooded sweatshirt, standing in the front of his home.  Plaintiff
alleges that the unidentified man was an agent of Best Recovery who attempted to repossess his
vehicle despite the purported agreement with GM Financial.

Plaintiff claims that several hours after spotting the unidentified male, Plaintiff prepared
to leave his home to go to work.  After backing out his car from the gate in which it was stored,
Plaintiff asserts that he exited his vehicle in order to close the gate.

Plaintiff then claims that when he returned to the driver's seat, the unidentified man ran from the front of the car where he was lying in wait.  He further claims that the unidentified man grabbed the top of the driver-side door.  He alleges that the man slammed the door shut on his left leg and knee.

Plaintiff also alleges that the unidentified man grabbed at him in an attempt to pull him out of the car.  He claims that the man tried to reach for the keys, presuming that they were in the ignition; Plaintiff's vehicle, however, is controlled by a push-button starter.  During the ordeal, the unidentified man purportedly began to yell repeatedly, "This is a repossession!"

Eventually, Plaintiff claims that he was able to push the man away from him and out of the car.  He claims that he then drove out of the driveway and down the street.

After the alleged incident, Plaintiff contacted GM Financial from his car to report the purported attack.  Plaintiff claims that he spoke with "Tammy," a GM Financial representative. Plaintiff claims that Tammy told him that she had spoken with the unidentified man on the same day.  Plaintiff alleges that Tammy put him on hold, so that she could connect him with her supervisor; no one at GM Financial returned to the line.

Plaintiff claims that he then phoned his fiancée.  Plaintiff's fiancée allegedly witnessed the entire event from the inside of Plaintiff's home.  She purportedly told Plaintiff that the same man who attacked him was beating repeatedly on the doors of his home.  Plaintiff alleges that he could hear the man banging on the door in the background of the phone conversation.

Later in the day, Plaintiff sought medical treatment for his knee and leg at William Beaumont Hospital Royal Oak.  He was treated in the Emergency Room where doctors examined his knee.  Medical records indicate that Plaintiff sustained a knee sprain.  Doc. No. 26-

3

4, Ex. C.   Plaintiff claims that doctors performed x-rays, fitted him with a knee brace and crutches, and referred him to an orthopedic surgeon.   Plaintiff then returned home.   Plaintiff remains on medical leave from work.

The next day, on the morning of August 13, 2013, Plaintiff alleges that he again spotted, through his front window, the unidentified man.   This time, the unidentified man was in a white tow truck.

### B.   Police Incident Report

Plaintiff then went to the Hazel Park Police Department ("HPPD") to report the alleged assault from August 12, 2013.   A police official proceeded to tell Plaintiff that the unidentified man had already filed a police report against him.   Consequently, the police purportedly refused to take Plaintiff's statement because the unidentified man filed his incident report first.

In the incident report, the unidentified man stated that he did in fact run up to Plaintiff's vehicle.   He stated, however, that he was only trying to talk to Plaintiff.   He also reported that Plaintiff's vehicle had been up for repossession since January 2013.   The unidentified man further stated that he desired neither medical attention nor a criminal investigation.   Instead, he only suggested to officers that the incident report serve as a record to assist in the repossession of Plaintiff's vehicle.

### C.   Procedural History

On June 24, 2014, Plaintiff filed the present action.   Plaintiff originally filed this action alleging four counts.   Three out of the four counts were state law claims.   On July 2, 2014, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims.   Doc. No. 4.   Accordingly, only the FDCPA count remains before this Court.   Furthermore, on October 20,

4

2014, Plaintiff and Defendant AFSI filed a joint order of dismissal without prejudice.  Doc. No. 22.  Because one of the state law claims was filed only against AFSI, the claim no longer remains viable.

### C. DISCUSSION

### A.  <u>Standard of Review</u>

Rule 26 of the Federal Rules of Civil Procedure governs initial disclosures between opposing parties.  Rule 26(a)(1) provides for the automatic disclosure of certain items.  *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 343 (6th Cir. 2002).  Parties are required to disclose items such as contact information for individuals with discoverable information and a computation of each category of damages claimed.  FED. R. CIV. P. 26(a)(1)(A)(i), (iii).

Rule 26(e)(1) provides that "[a] party who has made a disclosure under Rule 26(a) … must supplement or correct its disclosure."  The party must do so "in a timely manner if the party learns that in some material respect the disclosure … is incomplete or incorrect," and if the undisclosed information has not been made known to the other parties.  FED. R. CIV. P. 26(e)(1)(A).  The Court may also order the disclosure of undisclosed information.  FED. R. CIV. P. 26(e)(1)(B).

A motion for dismissal based upon failure to provide discovery is governed by Federal Rule 37(b).  *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 10-11016, 2011 WL 833796, at *1 (E.D. Mich. Mar. 4, 2011) (citing *Bullard v. Roadway Express*, 3 F. App'x 418, 421 (6th Cir. 2001) (per curiam)).  The Sixth Circuit has found, "[w]hen dismissal is based upon failure to provide discovery, the Supreme Court has indicated that dismissal is properly brought under Fed.

R. Civ. P. 37(b)," not Rule 41(b).  *Bullard*, 3 F. App'x at 421 (citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 210 (1958)).

Rule 37 (c)(1) "requires absolute compliance with Rule 26(a)."  *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).  "The purpose of Rule 37 is not only to punish discovery abusers, but also to protect litigants who legitimately seek information to prepare for trial."  *SPX Corp. v. Bartec USA, LLC*, 574 F.Supp.2d 748, 756 (E.D. Mich. 2008).  Rule 37(c)(1) consequently authorizes sanctions for failure to provide Rule 26(a) disclosures or for failure to provide Rule 26(e)(1) supplemental disclosures.  *Toth*, 306 F.3d at 343.

"A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) … is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  *Dickenson v. Cardiac and Surgery of E. Tenn.*, 388 F.3d 976, 983 (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 7566 (6th Cir. 2001)).  It is the non-moving party's burden to show that the non-disclosure was substantially justified or harmless.  *Bartec USA*, 574 F.Supp.2d at 757.

Rule 37 further permits a court to dismiss a complaint for failure to comply with Rule 26.  *See Toth*, 306 F.3d at 343.  However, "'where exclusion necessarily entails dismissal of the case, the sanction must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction.'"  *Dickenson*, 388 F.3d 976, 983 (quoting *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 (7th Cir. 2004)).

Furthermore, the court, in its discretion, may impose other sanctions as it deems proper.  *Id.* at 343-44.  Yet, "[w]hile dismissal is the sanction of last resort, a district court does not abuse its discretion by dismissing a case when other sanctions might be workable."  *Smith*, No. 10-

6

11016, 2011 WL 833796, at *2.   However, the imposition of a dismissal sanction must be supported by the facts. *Id.*

Finally, in order to determine whether dismissal of the complaint is appropriate, courts should consider four factors. These factors include: "(1) whether the party's failure to cooperate was due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate would result in dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Smith*, No. 10-11016, 2011 WL 833796, at *2.

### B.  Best Recovery's Rule 37 Motion to Dismiss

The present motion requires the Court to decide whether Plaintiff's failure to provide complete and timely initial disclosures warrants dismissal of Plaintiff's complaint. Defendant Best Recovery contends that it does. Specifically, Best Recovery contends that Plaintiff was required to provide initial disclosures by October 28, 2014. Best Recovery asserts that it did not receive Plaintiff's initial disclosures until January 7, 2015.

Defendant further asserts that information about key witnesses, damages, and supporting evidence was missing from the disclosures provided.  *See* FED. R. CIV. P. 26(a)(1)(A).  On January 28, 2015, Best Recovery received supplements for the initial disclosures provided on January 7.  Best Recovery, however, asserts that Plaintiff still has yet to produce summaries for wage loss, unpaid medical bills, or other tangible loss.  It concludes that Plaintiff's failure to provide these initial disclosures was neither harmless nor substantially justified.

Consequently, Best Recovery contends that Plaintiff's complaint should be dismissed under Rules 37 and 41 of the Federal Rules.  Both Federal Rules govern the dismissal of a

complaint for discovery abuses.  Best Recovery argues that dismissal is justified because it has been prejudiced over the past 18 months by an inability to investigate Plaintiff's claim.

Plaintiff, on the other hand, argues that no sanctions should be imposed.  While he admits that his disclosures were late, Plaintiff asserts that the tardiness was due to error.  Plaintiff explains that he sent his initial disclosures on November 3, 2014.  However, Plaintiff inadvertently mailed the disclosures to counsel for AFSI, the other Defendant to this matter that has since been terminated.

Plaintiff asserts that on January 7, 2015, his counsel received an e-mail from Jennifer Paine, counsel for Best Recovery.  The e-mail, dated January 6, 2015, stated that Best Recovery had not received Plaintiff's Rule 26 disclosures, and that it was prepared to file a Rule 37(b)(2) motion.  Plaintiff asserts that, within nine minutes of receiving defense counsel's e-mail, his counsel forwarded the Rule 26 disclosures.  Subsequent to receiving the disclosures, however, Best Recovery moved forward with filing the present dismissal motion.  Plaintiff contends Best Recovery did so without alerting him to the deficiencies that it now raises in this motion.

Plaintiff contends that dismissing his complaint would be a draconian penalty.  In his response to Best Recovery's dismissal motion, Plaintiff does not contend that his failure to provide timely and complete initial disclosures was substantially justified or harmless.  Plaintiff instead questions the appropriateness of dismissal under the circumstances presented.  Specifically, Plaintiff asserts that his failure to provide complete initial disclosures was due to error, not willfulness.  Plaintiff further asserts that his error does not prejudice Best Recovery's ability to advance its defense.

In closing, Plaintiff contends that despite his failure, dismissal would be inappropriate under the factual circumstances. Plaintiff explains that he is willing to accommodate Best Recovery and is willing to supply any information Defendant wants. For the reasons that follow, the Court concludes that dismissing Plaintiff's action would be much too severe a sanction.

### 1. Failure to Cooperate

As an initial matter, the Court must examine whether Plaintiff's failure to provide disclosures was due to a failure to cooperate. In order to support such a finding, Plaintiff must have displayed "'either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.'" *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 380 (6th Cir. 2011) (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). This standard therefore requires the non-disclosing party, or in this case, Plaintiff, to satisfy the burden by showing that the failure was not due to willfulness, bad faith, or fault. *Smith*, No. 10-11016, 2011 WL 833796, at *2.

Failure to provide discovery is "willful" when "there is a conscious and intentional failure to comply[.]" *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). In addition, "[c]ontumacious conduct refers to behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.'" *Carpenter v. City of Flint*, 723 F.3d 700, 704-05 (6th Cir. 2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). Indeed, the Sixth Circuit has held that a district court abuses its discretion if it dismisses an action with prejudice absent a clear record of delay or contumacious conduct. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

Here, Plaintiff's failure to provide the disclosures was not due to lack of cooperation. Plaintiff, on the other hand, has successfully explained that his failure to provide the disclosures sprung from a mistake.  Likewise, Best Recovery has failed to provide contradicting evidence otherwise demonstrating that Plaintiff intended to thwart judicial proceedings.

First of all, Plaintiff has demonstrated a willingness to cooperate.  Upon becoming apprised of mistakenly sending his disclosures to the wrong defendant, within nine minutes, Plaintiff corrected his mistake.  *See* FED. R. CIV. P. 26(e)(1)(A).  Plaintiff's action therefore indicates neither "conscious and intentional failure to comply" nor "stubborn disobedience."  *But cf. Bullard*, 3 F. App'x at 421 (holding that plaintiff's refusal to cooperate with discovery orders thwarted the parties' ability to maintain the action).  On the contrary, Plaintiff's quick attention to its mistake demonstrates to the Court that it does in fact respect the judicial process.

Second, Plaintiff has since provided some of the key information that Best Recovery has found to be lacking.  Plaintiff has provided the contact information of his fiancée.  Best Recovery, however, now suggests that this information is too late.  The Court disagrees.  The parties are still undergoing the discovery process, and therefore, Best Recovery has the opportunity to seek her testimony, and thus engage in the investigatory process.

Furthermore, Best Recovery's argument, that Plaintiff's disclosures are untimely, is undermined, to an extent, by its own actions.  Best Recovery, by not communicating that it was missing such key information, contributed to its purported three-month stall in investigating the claim.  Therefore, to some degree, Defendant contributed to its own delay.  Yet, without notifying Plaintiff of the missing information, Best Recovery followed through with its threat to file the immediate motion.   The Court finds this set of facts significant.

Best Recovery does not refute that Plaintiff committed an error.  The Court therefore notes that Plaintiff's error accounts for the time that elapsed between November 3, 2014, and January 7, 2015, not willful conduct.  However, by moving forward with this motion, with full awareness of Plaintiff's error, it is apparent that Best Recovery did not give Plaintiff an opportunity to supplement the disclosures.   It follows that Plaintiff has not even had the chance to refuse to comply with Best Recovery's request for more complete disclosure.  Thus, it is impossible for the Court to find that Plaintiff's conduct was "willful"; Plaintiff never had the opportunity to refuse Best Recovery's request.

However, it is apparent that Plaintiff remains cooperative.  Courts often find that evidence of cooperation, or lack thereof, is highly persuasive in determining whether dismissal is an appropriate sanction for failure to provide discovery. In *Bullard*, for example, the Sixth Circuit held that the district court did not abuse its discretion when it dismissed Plaintiff's action for failure to provide discovery.  3 F. App'x at 421.  In *Bullard*, the plaintiff, who was the non-disclosing party, refused to comply with both discovery rules and a court order to disclose her medical records.  *Id.* at 420.  When the plaintiff appeared in-person before the court, she remained unwilling to disclose her medical records, which the court found essential to her claim for damages.  *Id.*  The court accordingly dismissed the action, finding that it was impossible to maintain the action without disclosure of plaintiff's medical records.  *Id.*

Unlike the plaintiff in *Bullard*, here, Plaintiff has stated that he is willing to provide the disclosures that Best Recovery seeks.  The Court expects that Plaintiff, in a timely fashion, will thus provide Best Recovery with a complete statement of damages.  In addition, the Court

expects that, over the course of discovery, Plaintiff will provide the supporting evidence that Best Recovery intimates is missing.

At this point in the proceedings, however, a clear record of delay and contumacious conduct does not yet exist. In addition, Plaintiff is willing to cooperate with Best Recovery. For these reasons, the Court finds that Best Recovery has not suffered from a failure of Plaintiff to cooperate in providing initial disclosures.


### 2. Prejudice

Best Recovery contends that it is now unable to investigate Plaintiff's claim because of Plaintiff's failure to provide timely initial disclosures. The Sixth Circuit has held that "a defendant is prejudiced by a plaintiff's failure to cooperate in discovery when the defendant 'wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide.'" *Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).

Based on this standard, the Court finds that Best Recovery has not been prejudiced by Plaintiff's error. Chiefly, Best Recovery contends that Plaintiff has wasted such time that he has prejudiced its ability to pursue its defense. The Court disagrees.

While Plaintiff was obligated to provide initial disclosures, Plaintiff has not wasted time, money, or effort sufficient to warrant dismissal of his complaint. *See id.* First, the discovery process remains ongoing. As a result, Best Recovery still has an opportunity to investigate Plaintiff's claim, and therefore is not prejudiced in this capacity.

12

In addition, as the Court has noted above, Best Recovery has contributed to its own purported inability to investigate.  While Plaintiff is obligated to provide timely and complete disclosure, Defendant cannot pursue dismissal on this basis without making its own effort to obtain such disclosures that it describes as *key*.  Indeed, although initial disclosures are mandatory, one would think that as part of its investigation, investigating the cause of Plaintiff's delay would be a priority.  The Court therefore finds it quite difficult to conclude that Plaintiff's conduct alone prejudiced Best Recovery.

In addition, Best Recovery has not wasted sufficient effort.  Sending a single e-mail to both notify and threaten Plaintiff of its failure to provide discovery hardly constitutes the type of effort exerted that warrants dismissal.  Likewise, Best Recovery exerted no effort in warning Plaintiff that its disclosures were incomplete other than filing the present motion.  Furthermore, Best Recovery further fails to detail how it has been prejudiced by Plaintiff's error.  Consequently, the Court is unable to find in favor of Best Recovery on this factor.

### 3.  Prior warning

Dismissal of an action under these circumstances would be improper if "the district court failed to 'put the derelict parties on notice that further noncompliance would result in dismissal.'"  *Nassar*, 379 F. App'x at 524 (quoting *Wu*, 420 F.3d at 644)).  Prior warning, however, is not determinative in deciding whether dismissal is an appropriate action.  *Id.* (citations omitted).

The record does not show that Plaintiff has had prior warning of the consequences of failure to comply with discovery requirements.  Additionally, the Court has not filed any court

order mandating disclosure or additional discovery requests.  Accordingly, Plaintiff is not in violation of any court orders.

Therefore, while courts are permitted to impose dismissal as a first and only sanction, Plaintiff's failure is not so egregious as to warrant dismissal of his action at this stage. Therefore, analysis of this factor further demonstrates that dismissal would be an inappropriate sanction.

### 4.  Less drastic sanctions

While courts must look first to an "alternative sanction that would protect the integrity of the judicial process," they are not powerless to dismiss a complaint as its first and only sanction. *Nassar*, 379 F. App'x at 524.  Furthermore, courts are not required "to incant a litany of available lesser sanctions." *Id.* (citing *Schafer*, 529 F.3d at 738).  Yet, this factor does require that courts use caution in ordering dismissal in the absence of contumacious conduct.  *Id.*

Best Recovery's argument for dismissal ultimately lacks merit.  Dismissal is a disproportionate sanction for Plaintiff's purported infraction.  Moreover, the facts in this case do not support dismissal as a sanction.  *Smith*, No. 10-11016, 2011 WL 833796, at *2.  As the Court has found an absence of contumacious conduct exercised by Plaintiff, the Court exercises caution in ordering dismissal.

In addition, the Court does not consider lesser sanctions; Best Recovery suggests that no other sanction is effective or appropriate.   As a result, the Court, in its discretionary authority, declines to impose dismissal of this action.  The Court expects Plaintiff to further cooperate with Best Recovery in providing the disclosures necessary to pursue proper investigation of the remaining claims.

14

In summary, under the circumstances presented, dismissal of Plaintiff's complaint would be premature.  Plaintiff's failure to provide complete initial disclosure has not yet reached the point of last resort.  *See Smith v. State Farm Mut. Auto. Ins. Co.*, No. 10-11016, 2011 WL 833796, at *3.  Plaintiff remains cooperative in his effort to advance his claims.  Moreover, Plaintiff has not been fairly put on notice that dismissal was impending for further missing disclosures.  Consequently, for the reasons provided, the Court denies Best Recovery's motion.

### D.  CONCLUSION

The Court **ORDERS** Plaintiff to provide work loss and/or unpaid medical bills within **<u>seven (7) days</u>** of the entry date of this Order.  Failure to do so will result in a monetary sanction.

The Court further warns the Plaintiff that failure to comply with future discovery requests will result in a monetary sanction.

For the reasons elaborated above, Defendant's Motion to Dismiss [#24] is **DENIED**.

**SO ORDERED**.

Dated: April 22, 2015

/s/Gershwin A Drain
HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE