UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WRIGHT,

Plaintiff,

v.

BEST RECOVERY SERVICES LLC,

Defendant.

Case No. 14-cv-12476

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE* [38];
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* [37]; AND
DENYING DEFENDANT'S MOTION *IN LIMINE* [39]**

**I. INTRODUCTION**

Robert Wright ("Plaintiff") commenced this action on June 24, 2014 against Best Recovery Services LLC ("Defendant") and Americredit Financial Services, Inc.[1] *See* Dkt. No. 1. Plaintiff alleges that Defendant is a debt collector and sought to repossess his vehicle in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692, *et seq*.

Plaintiff has filed one Motion *in Limine* in preparation for trial [37] covering several evidentiary issues, while Defendant filed two Motions *in Limine* [38, 39] covering two distinct evidentiary issues. After reviewing and considering the parties Motions and supporting briefs, and the entire record of this matter, the Court has determined that the relevant allegations, facts, and legal arguments are adequately presented, and oral argument would not aid the decisional process for the Motions *in Limine*.

---

[1] Americredit Financial Services, Inc. was dismissed from this action without prejudice on October 20, 2014. *See* Dkt. No. 22.

Therefore, the Court will resolve Plaintiff's Motion *in Limine* [37] and Defendant's Motions *in Limine* [38, 39] "on the briefs." *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court will **GRANT** Defendant's Motion *in Limine* [38]; **GRANT** in part and **DENY** in part Plaintiff's Motion *in Limine* [37]; and **DENY** Defendant's Motion *in Limine* [39]. The Court's Opinion and Order is set forth in detail below.

## II. LEGAL STANDARD

A motion *in limine* refers to "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). The purpose of a motion *in limine* is to eliminate "evidence that is clearly inadmissible for any purpose" before trial. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). A district court rules on evidentiary motions *in limine* "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). The guiding principle is to "ensure evenhanded and expeditious management of trials." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Although neither the Federal Rules of Evidence, nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*, the Supreme Court has allowed district courts to rule on motions *in limine* "pursuant to the district court's inherent authority to manage the course of trials." *See Luce*, 469 U.S. at 41 n.4.

A district court should grant a motion to exclude evidence *in limine* "only when [that] evidence is clearly inadmissible on all potential grounds." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. In cases where that high standard is not met, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id*. Denial of a motion to exclude evidence *in limine* does not necessarily mean that the

court will admit the evidence at trial. *See Luce*, 469 U.S. at 41. "[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. at 41–42.

### III. DISCUSSION

Plaintiff filed one Motion *in Limine* [37], but the motion contains three separate evidentiary issues: Plaintiff's state of mind as to the underlying debt, Plaintiff's credit history, and Plaintiff's payment arrangement with the finance company. *See* Dkt. No. 37, p. 4 (Pg. ID No. 219). Defendant filed two Motions *in Limine*: (1) to preclude assertions and introduction of evidence of allegedly fraudulent vehicle purchase agreement [38], and (2) to preclude assertions and introduction of evidence of alleged payment arrangements to avoid repossession [39]. A discussion of the parties' Motions is below.

### A. PLAINTIFF'S MOTION *IN LIMINE* [37]

Plaintiff's Motion *in Limine* seeks three things: (1) to preclude testimony or evidence related to Plaintiff's "state of mind as to the underlying debt"; (2) to preclude testimony or evidence regarding "Plaintiff's credit history"; and (3) to preclude testimony or evidence regarding Plaintiff's "payment arrangements with the finance company[.]" Dkt. No. 37, p. 4 (Pg. ID No. 219). However, Plaintiff requests that if Defendant is allowed to introduce evidence on any of these issues, he should be permitted to testify as to his understanding of the verbal arrangement he made with the creditor. *See id*.

#### 1. The Court Will Deny Plaintiff's Motion *in Limine* as to Excluding Plaintiff's State of Mind regarding the Underlying Debt.

First, Plaintiff contends that allowing Defendant to introduce Plaintiff's state of mind regarding the status of the debt would "disparage the character of the Plaintiff" and provide for a

defense Congress never intended to offer collectors. *See* Dkt. No. 37, p. 3 (Pg. ID No. 218). Plaintiff claims that his state of mind is not relevant. *See id*. at 4 (Pg. ID No. 219).

FDCPA is a strict liability statute, under which the collector's state of mind is not relevant. *See Stratton v. Portfolio Recovery Associates*, LLC, 770 F.3d 443, 448 (6th Cir. 2014), as amended (Dec. 11, 2014). However, this does not imply that a debtor's state of mind is equally irrelevant. *See Wahl v. Midland Credit Mgmt., Inc*., 556 F.3d 643, 646 (7th Cir. 2009) (citation omitted) ("So, while the FDCPA is a strict liability statute—a collector 'need not be deliberate, reckless, or even negligent to trigger liability,'—the state of mind of the reasonable debtor is *always* relevant."). Accordingly, Plaintiff's state of mind will not be excluded at this juncture because it may be relevant to whether his state of mind resembled a reasonable debtor. Thus the Court will **DENY** Plaintiff's Motion *in Limine* [37] in regard to his state of mind.

### 2. The Court Will Grant in Part and Deny in Part Plaintiff's Motion *in Limine* as to Excluding Plaintiff's Credit History.

Second, Plaintiff asserts that introduction of Plaintiff's credit history would be irrelevant to the issues of whether or not Defendant engaged in a breach of the peace repossession. *See* Dkt. No. 37, p. 3 (Pg. ID No. 218). Defendant asserts that Plaintiff's credit history is relevant under Federal Rule of Evidence 404, as it reflects on his knowledge, motive and intent. *See id*. at 2 (Pg. ID No. 217).

FDCPA states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). The statute defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family,

or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692(a).

The collection of a debt is central to FDCPA's prohibitions, making the debt a fact of consequence in determining the action. *See* FED. R. EVID. 401. Accordingly, a debt related to the 2007 Cadillac STS (the "vehicle") is relevant to this case. The Court will not exclude testimony or evidence related to Plaintiff's purchase, payments, or default on the vehicle which Defendant sought to repossess because it is not "clearly inadmissible" at this time. *See Ind. Ins. Co.*, 326 F. Supp. 2d at 846. Nonetheless, any and all of Plaintiff's credit history outside of his purchase and payment history regarding the vehicle is irrelevant and prejudicial. *See* FED. R. EVID. 401, 403. Thus the Court will **GRANT** in part and **DENY** Plaintiff's Motion *in Limine* [37] in regard to his credit history.

### 3.   The Court Will Deny Plaintiff's Motion *in Limine* as to Excluding Plaintiff's Payment Arrangements with the Finance Company.

Third, Plaintiff contends that the verbal payment arrangements he made with his creditor are not relevant to the current proceedings. *See* Dkt. No. 37, p. 3 (Pg. ID No. 218). In the alternative, Plaintiff claims that these arrangements are relevant if any of the other issues in his Motion *in Limine* are permitted to be introduced. *See id*. at 4 (Pg. ID No. 218). Defendant seeks to preclude similar assertions and evidence in its Motion *in Limine*. *See* Dkt. No. 39.

In his Complaint, Plaintiff alleges that he made arrangements with his lender to get his payments on schedule and prevent repossession of the vehicle. *See* Dkt. No. 1, p. 2, ¶ 11 (Dkt. ID No. 2). However, Defendant asserts that Plaintiff failed to disclose any documentation regarding payment arrangements and relies entirely on Plaintiff's own recollection of what a call center employee said on the phone. *See* Dkt. No. 39, pp. 7–8 (Dkt. ID No. 242–43). Thus, Defendant

claims that any allegations regarding payment arrangements would be inadmissible hearsay. *See id*. p. 8 (Pg. ID No. 243).

Rule 801 of the Federal Rules of Evidence defines "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Accordingly, Plaintiff may not introduce statements made prior to testifying that are being offered to prove the truth of the matter asserted. Plaintiff may, however, introduce prior statements if they are being used to illustrate his then-existing state of mind, rather than to prove the veracity of the fact remembered. *See* FED. R. EVID. 803(3).

Since Plaintiff's state of mind and understanding of chain of events involved in his FDCPA may be relevant, so too is his understanding of whether his vehicle was eligible for repossession. Accordingly, Plaintiff may testify to his personal knowledge of payment arrangements, but not to any prior statements being used to prove the truth of the matter asserted. Thus the Court will **DENY** Plaintiff's Motion *in Limine* [37] in regard to his personal knowledge of payment arrangements with the finance company.

### B. DEFENDANT'S MOTIONS *IN LIMINE* [38, 39]

#### 1. The Court Will Grant Defendant's Motion *in Limine* to Preclude Assertions or the Introduction of Evidence of the Alleged Fraudulent Vehicle Purchase Agreement [38].

Defendant's first Motion *in Limine* seeks an order "precluding Plaintiff and any of Plaintiff's witnesses from alleging his vehicle purchase agreement is fraudulent and that the car dealership and salesman engaged in any fraudulent activity or misrepresentations in securing the agreement[.]" Dkt. No. 38, p. 4 (Page ID No. 224). Defendant asserts any statements or evidence on this matter should be precluded as hearsay under Rule 802. *See id*. at 8 (Pg. ID No. 228).

Additionally, Defendant argues that the issue of misrepresentation or fraud in obtaining the purchase agreement confuses the issues for the jury, as it is Defendant's driver's conduct that is on trial, not the dealership's conduct. *See id*. at 3 (Pg. ID No. 3). Defendant claims that Plaintiff is the only witness who will testify regarding whether the car salesman engaged in fraudulent conduct or misrepresented his payment obligations. Dkt. No. 38, p. 3 (Page ID No. 223).

Based on the complaint and pleadings in this case, it appears that the conduct of the car salesman who sold Plaintiff the vehicle is irrelevant in this case. Plaintiff has not brought any claims against the car salesman and the salesman is not a party or a witness in this case. Information regarding the alleged fraud or misrepresentation does not make any of the factual elements of Plaintiff's FDCPA more or less probable and is of no consequence in determining the action. *See* FED. R. EVID. 401. Thus the Court will **GRANT** Defendant's first Motion *in Limine* [38].

### 2. The Court will Deny Defendant's Motion *in Limine* to Preclude Assertions or the Introduction of Evidence of the Alleged Payment Arrangements to Avoid Repossession [39].

Defendant's second Motion *in Limine* seeks an order "precluding Plaintiff and any of Plaintiff's witnesses from alleging Plaintiff had any payment plans or promises to avoid repossession of this vehicle[.]" Dkt. No. 39, p. 4 (Page ID No. 238). Defendant asserts any statements or evidence on this matter should be precluded as hearsay under Rule 802. *See id*. at 8 (Pg. ID No. 242). Furthermore, Defendant argues that Plaintiff failed to disclose any evidence of a payment agreement, pursuant to Rule 26 of the Federal Rules of Civil Procedure. *See id*. at 7–8 (Pg. ID No. 241–42).

As discussed above, Plaintiff may testify to his personal knowledge of payment arrangements, but not to any prior statements being offered to prove the truth of the matter

asserted. Defendant may cross-examine Plaintiff about the absence of supporting documentation supporting his testimony about a payment arrangement. Any assertions or evidence drawn from prior statements about payment arrangements may not be introduced unless they fall under an exception to the hearsay rule. Thus the Court will **DENY** Defendant's Motion *in Limine* [39].

## IV. CONCLUSION

These are the preliminary rulings of the Court. The Court emphasizes that "[a] ruling on a motion *in limine* is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court … the district court may change its ruling at trial for whatever reason it deems appropriate," and "where sufficient facts have developed to warrant the change." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce,* 713 F.2d 1236, 1239 (6th Cir. 1983) *aff'd,* 469 U.S. 38 (1984)).

Accordingly, the Court **GRANTS** Defendant's Motion *in Limine* to Preclude Assertions and Introduction of Evidence of Alleged Fraudulent Vehicle Purchase Agreement [38].

The Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion *in Limine* [37] as to Plaintiff's credit history.

The Court **DENIES** Plaintiff's Motion *in Limine* [37] as to Plaintiff's state of mind regarding elements of his FDCPA claim and as to Plaintiff's payment arrangements with the finance company.

Likewise, the Court **DENIES** Defendant's Motion *in Limine* to Preclude Assertions and Introduction of Evidence of Alleged Payment Arrangements to Avoid Repossession [39].

IT IS SO ORDERED.

Dated: October 27, 2015

s/GERSHWIN A. DRAIN
HON. GERSHWIN A. DRAIN
United States District Court Judge