UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

R<small>OBERT</small> W<small>RIGHT</small>,

    Plaintiff,

v.

B<small>EST</small> R<small>ECOVERY</small> S<small>ERVICES</small> LLC,

    Defendant.

Case No. 14-cv-12476

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
D<small>AVID</small> R. G<small>RAND</small>

_____/

O<small>PINION AND</small> O<small>RDER</small> G<small>RANTING</small> I<small>N</small> P<small>ART AND</small> D<small>ENYING</small> I<small>N</small> P<small>ART</small>
D<small>EFENDANT'S</small> M<small>OTION FOR</small> A<small>TTORNEY</small> F<small>EES AND</small> C<small>OSTS</small> [64]

**I. I<small>NTRODUCTION</small>**

On February 2, 2016, Defendant Best Recovery Services LLC filed a Motion for Attorney Fees and Costs. Dkt No. 64. Plaintiff Robert Wright filed a Response in Opposition on February 15, 2016. Dkt. No. 65. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the resolution of the instant motion. Accordingly, the Court will resolve Defendant's present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). The Court will **GRANT** Defendant's request for costs, pursuant to Rule 54(d), and **DENY** Defendant's request for attorney's fees.

## II. BACKGROUND

Plaintiff brought this action in June 2014, alleging that Defendant's employee violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by committing a breach of the peace repossession of Plaintiff's vehicle. Dkt. No. 1. Defendant filed a motion to dismiss in January 2015, asserting that Plaintiff failed to provide initial disclosures as required by Federal Rule 26. Dkt. No. 24. The Court denied this motion and ordered Plaintiff to provide the requested documents and comply with future discovery requests. Dkt. No. 32.

In July 2015, Defendant allegedly made an offer to settle for a total of $4,000, which Plaintiff rejected. Dkt. No. 64-1, p. 4 (Pg. ID No. 425). The matter proceeded to a jury trial in Detroit, Michigan on December 8, 2015. After three days of trial, the jury reached a verdict that Defendant was not liable on December 10, 2015. Dkt. No. 55. The Court entered judgment in accordance with the jury verdict on January 19, 2016. Dkt. No. 63.

## III. DISCUSSION

### A. Costs And Fees Under The FDCPA

The FDCPA provides that the Court may award to the defendant attorney's fees and costs "on a finding by the court that an action . . . was brought in bad faith and for the purpose of harassment," 15 U.S.C. § 1692k(a)(3). *Black's Law Dictionary* defines "bad faith" as "[d]ishonesty of belief, purpose, or motive."

(10th ed. 2014). "Harassment" is defined as "[w]ords, conduct, or action (usu. repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress to that person and serves no legitimate purpose." *Id.*

In the present case, there is insufficient evidence to establish that Plaintiff brought the suit in bad faith, or for the purpose of harassing Defendant. Although Plaintiff may have been overly optimistic about his odds of success, his claims did not demonstrate dishonesty of belief, purpose, or motive. Thus, the Court will not award any costs or fees based off of 15 U.S.C. § 1692k(a)(3).

### B. Costs Under Rule 54(d)

A prevailing defendant may also be awarded costs in a FDCPA suit without a finding that the plaintiff brought the action in bad faith or for the purpose of harassment, pursuant to Federal Rule of Civil Procedure 54(d). *Marx v. Gen. Revenue Corp.*, 668 F.3d 1174, 1178 (10th Cir. 2011) *aff'd*, 133 S. Ct. 1166 (2013). Rule 54(d) codifies the presumption that prevailing parties are entitled to costs, although the ultimate determination lies within the sound discretion of the court. *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013).

The language of Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). This discretion

is to be exercised in situations where requiring the losing party to pay costs would by inequitable, including "where taxable expenditures by the prevailing party are 'unnecessary or unreasonably large' "; "where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues"; "where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant"; and "cases that are 'close and difficult.' " *Id*. Another factor that weighs against awarding costs is the indigence of the losing party. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2000).

In determining whether to exercise their discretion to deny costs, courts should not consider inappropriate factors, such as the size of the prevailing party's recovery or the ability of the prevailing party to pay its costs. *White & White*, 786 F.2d at 730. Courts may also consider the good faith of the losing party and the propriety with which the losing party conducted its litigation, though these two factors are insufficient to warrant denial of costs on their own. *Id*.

As an initial matter, the Court does not find that this case presents circumstances where the award of attorney's fees would be appropriate. *See Marx*, 133 S. Ct. at 1175 (clarifying that while Rule 54(d)(1) presumes that a prevailing party may recover costs from the losing party, the opposite presumption applies to attorney's fees, which should be awarded only in a narrow set of circumstances).

Next, the Court determines that there are not factors present that weigh against the presumption that costs will be awarded to the prevailing party. Defendant does not list unreasonable or exorbitant cost expenditures and at no point in time did Defendant prolong trial or inject issues without merit. Furthermore, the case did not present overly complicated or difficult legal issues. Plaintiff has not argued to the Court that he is indigent or otherwise unable to pay costs.

Accordingly, the Court will award costs to Defendant under Rule 54(d) and will decline to award attorney's fees.

### IV. CONCLUSION

For the reasons stated herein, the Court will **GRANT** Defendant's Motion with respect to costs, but will **DENY** Defendant's Motion with respect to attorney's fees.

IT IS SO ORDERED.

Dated: February 24, 2016

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge